IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANNA STEWART (f/k/a STEPHENS), | ) | CASE NO. 5:14 CV 857 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| M & M HEADGEAR, INC., et al., | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter comes before the Court upon Defendant M & M Headgear, Inc. ("M&M") and Defendant Kihyouk Moon's ("Moon") Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim Upon Which Relief May be Granted Pursuant to Fed. R. Civ. P. 12(b)(2) and (6) (Docket #15). This case arises out of a dispute over the use of photographs of Plaintiff, Shanna Stewart, on product packaging distributed or produced by Defendant M&M. Defendants contend that neither Mr. Moon nor M & M should be subject to jurisdiction in Ohio. For the reasons stated below, Defendants' Motion to Dismiss is GRANTED IN PART AND DENIED IN PART.

I. FACTS

This case involves the use of pictures of Ms. Stewart wearing "ethnic" hair accessories on product packaging manufactured, marketed, and/or distributed by M&M. Prior to M&M's formation as a Georgia corporation, its President and majority shareholder, Mr. Moon, in his individual capacity, entered into a written contract in 2002 with Ms. Stewart to model ethnic hair accessories for an upcoming magazine shoot in Akron, Ohio. Although the contract, attached as Exhibit A to Plaintiff Stewart's Second Amended Complaint, is barely legible, Ms. Stewart

contends that the language therein expressly prohibits Mr. Moon, or his assigns, from using the photographs on any product packaging. Many years after this contract was signed by Ms. Stewart and Mr. Moon, Ms. Stewart saw products made or distributed by M&M featuring the pictures taken of Ms. Stewart pursuant to the contract. Ms. Stewart then saw pictures from the same photo shoot on e-commerce websites selling the products she had worn in the pictures. These revelations gave rise to this suit.

Defendant Moon formed Defendant M&M as a Georgia corporation in 2003, with its sole place of business in Buford, Georgia. M&M designs, imports, and distributes for sale a wide range of ethnic hair and beauty products marketed toward the African-American community. M&M has no office, employees, representatives, or agents in Ohio, nor does it own or lease property there. M&M has never owed or paid taxes in Ohio, and the wholesalers to which M&M sells its hair and beauty products are not located in Ohio. M&M further contends that it makes no effort to target Ohio businesses or residents with its marketing materials, and that the products it designs and imports would not be of specific interest to Ohio residents. Nonetheless, Ms. Stewart maintains that, through its "past and present commercial activities in Ohio," Defendants Moon and M&M should be subject to personal jurisdiction in Ohio.

Ms. Stewart then asserts that, because Defendants are subject to personal jurisdiction in Ohio, they should be held liable for the (1) violation of Ms. Stewart's rights of publicity and (2) invasion of Ms. Stewart's privacy. Additionally, Ms. Stewart asserts that Mr. Moon, individually, should be liable for breaching the contract he made with her in 2002.

## II. DISCUSSION

### A. Personal Jurisdiction

A two-step analysis is required to determine whether personal jurisdiction exists over a

defendant. First, the Court determines whether personal jurisdiction is proper under the forum state's long-arm statute. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). If the long-arm statute is satisfied, the Court must then determine whether the exercise of jurisdiction comports with the Due Process Clause of the United States Constitution. *Id.*

### 1. Long-Arm Jurisdiction

The first issue is whether personal jurisdiction is proper under Ohio's long-arm statute, Ohio Revised Code § 2307.382. In pertinent part, the statute provides that personal jurisdiction over a non-resident defendant exists as follows:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the persons:
> (1) Transacting any business in the state;
> (2) Contracting to supply services or goods in this state;
> (3) Causing tortious injury by an act or omission in this state;
> (4) Causing tortious injury in this state by an act or omission outside the state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumer or services rendered in this state; ***
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.

Ohio Rev. Code § 2307.382(A).

The long-arm statute explicitly provides under § 2307.382(A)(1) that transacting *any* business in Ohio is sufficient to establish personal jurisdiction over Defendant Moon in this State. Although this section is broadly worded, whether "any business" is transacted in Ohio should be resolved according to the facts of a particular case. *Clark v. Connor*, 82 Ohio St.3d 309, 312 (Ohio 1998). Here, the facts demonstrate that Defendant Moon entered into a contract with Ms. Stewart for her modeling services, albeit over a decade ago, that was completed in

Ohio. Mr. Moon contends that, because Ms. Stewart cannot demonstrate he breached the contract, he did not "transact[] business in the state" giving rise to a cause of action as set forth in section (A)(1). Despite Mr. Moon's contention, addressed *infra*, the contract he entered into with Ms. Stewart in 2002 is more than enough for a *prima facie* showing that personal jurisdiction exists under section (A)(1) of the long-arm statute.

Defendant M&M, however, is not so clearly within the ambit of Ohio's long-arm statute. Despite the complaint's failure to mention Ohio's long-arm statute, Ms. Stewart alleges that M&M's past and present commercial activities in the state subject it to personal jurisdiction in Ohio, as does the tortious injury M&M allegedly caused Ms. Stewart in Ohio by its acts outside the state. Whether or not M&M has actually transacted business in the state of Ohio, for purposes of section (A)(1) of Ohio's long-arm statue, is, at best, debatable. As discussed below, aside from having seen M&M's products with her picture "in a local Korean store," Ms. Stewart has not demonstrated any evidence of M&M actually transacting any business in Ohio. Further, Ms. Stewart has not shown that, under section (A)(4), M&M regularly does business in, engages in a persistent course of conduct in, or derives substantial revenue from Ohio.

Section (A)(6) of Ohio's long arm statute provides that the defendant must have acted "[c]ausing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state." Defendant Moon is the President and majority shareholder of M&M who, as its principal, should reasonably have expected that an unauthorized use of Ms. Stewart's pictures on his company's products would cause her injury in Ohio. Thus, M&M falls within the parameters of Ohio Revised Code § 2307.382(A)(6) to establish the first element of personal jurisdiction in Ohio.

2. **Due Process**

Having determined that Ohio's long-arm statute confers personal jurisdiction over Defendants Moon and M&M, the Court must now analyze whether exercising such jurisdiction comports with Fourteenth Amendment Due Process. The Due Process inquiry examines whether a nonresident defendant has sufficient contacts with the forum state such that the Court's exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice." *Patterson*, 89 F.3d at 1263 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction over a defendant may be "general" or "specific" in nature. *Bird, supra*, at 873. General jurisdiction is proper only where "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Id.* (citing *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). Ms. Stewart makes no distinction between the personal jurisdiction allegedly applicable to Defendants in her complaint, but this Court finds no indicia whatsoever of "continuous or systematic" contacts sufficient to confer general personal jurisdiction over either Defendant. Accordingly, only specific personal jurisdiction is at issue.

With respect to specific personal jurisdiction, the Sixth Circuit has translated this general rule into three criteria: (1) the defendant must purposely avail itself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable. *Patterson*, 89 F.3d at 1263.

    a. **Purposeful Availment**

The purposeful availment requirement asks whether the defendant purposefully established minimum contacts in the forum state and whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being hailed into court there. *Burger King corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). This "ensures that a defendant will not be haled into a foreign jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Id.* at 475 (internal citations omitted).

Defendant Moon entered into a contract with Ms. Stewart for her modeling services in Akron in 2002. In so doing, Mr. Moon both transacted business in Ohio and purposefully availed himself of personal jurisdiction in Ohio. The purposeful availment requirement of the Due Process analysis is coextensive with the "transacting any business" standard of Ohio's long-arm statute. *Burnshire Development, LLC v. Cliffs Reduced Iron Corp.*, 198 Fed. Appx. 425, 432 (6th Cir. 2002). Although Mr. Moon argues that he did not breach the twelve-year-old contract giving rise to the claims Ms. Stewart asserts, Mr. Moon's actions of contracting for her modeling services in Ohio suffice to purposefully avail oneself of Ohio law such that Mr. Moon could reasonably anticipate being haled into court in Ohio. Accordingly, Defendant Moon has purposefully availed himself of personal jurisdiction in Ohio and has satisfied the first element of the Due Process analysis.

With respect to Defendant M&M, even if Ms. Stewart was able to establish personal jurisdiction over M&M consistent with Ohio's long-arm statute, the Due Process Clause of the Fourteenth Amendment requires that M&M purposefully avail itself of Ohio law. Defendant M&M contends it did not purposefully avail itself of the privilege of doing business in Ohio: it has no stores, offices, or property in Ohio, it does not sell its products to wholesalers in Ohio, and

its advertising and marketing do not specifically target Ohio residents. Ms. Stewart, on the other hand, contends that M&M purposefully availed itself of Ohio law "by virtue of [its] past and present commercial activities in Ohio and because it caused injury to Ms. Stewart and her intellectual property within the state of Ohio."

This Court agrees with M&M. Ms. Stewart has not demonstrated any evidence of M&M's direct sales to Ohio customers. Ms. Stewart mistakenly asserts that a website's e-commerce capabilities, without any indication of actual sales to Ohio customers, will establish specific personal jurisdiction over a defendant sufficient to defeat a motion to dismiss. While only a *prima facie* case for jurisdiction must be made to overcome a motion to dismiss for lack of personal jurisdiction, a party "may not stand on [its] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the Court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). A plaintiff bears the burden of proving a *prima facie* case of personal jurisdiction, and must provide sufficient facts supporting that claim. *Miller v. AXA Winterhur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012). Ms. Stewart has not met that burden with respect to Defendant M&M..

M&M does not sell its products to wholesalers located in Ohio. Although M&M maintains a website that permits its visitors in any state to purchase M&M's products, Ms. Stewart has failed to present any evidence of actual, quantifiable sales through such website to Ohio customers. Courts generally agree that maintaining a website accessible from within the forum state is not, by itself, sufficient to establish specific personal jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.* 282 F.3d 883, 890 (6th Cir. 2002); *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002). To constitute purposeful availment, the website must be "interactive to a degree that reveals specifically intended interaction with the residents of the state." *Neogen Corp.*,

*supra*, 282 F.3d at 890. Indeed, an interactive website will not establish minimum contacts for specific personal jurisdiction where a defendant retailer operates an interactive website capable of doing business with Ohio customers, but plaintiffs present no evidence or pertinent data indicating direct sales to Ohio customers exists. *Bird*, 289 F.3d at 872 (finding purposeful availment of a website operator where plaintiff presented some numerically-supported factual assertions about sales within the state); *Beightler v. Produkte Fur Die Medizin AG*, No. 3:07CV1604, 2007 WL 2713907 at *3 (N.D. Ohio 2007) (holding no personal jurisdiction existed where plaintiffs presented a catalog of products found on the defendant's website but presented no sales or other pertinent date to raise an inference that the defendant made any direct sales to Ohio). Thus, because Ms. Stewart has not shown M&M's website to be interactive to a degree that reveals specifically intended interactions with the residents of Ohio, M&M did not purposefully avail itself of Ohio law through sufficient minimum contacts, and personal jurisdiction over M&M is improper under Due Process analysis.

    b. **Cause of Action Arises From Defendant's Activities**

The Court next inquires whether the cause of action here arises from Defendant Moon's activities in Ohio. Mr. Moon admits that he entered into a contract with Ms. Stewart in 2002 in this judicial district. Ms. Stewart's claims for invasion of privacy, breach of contract, and right of publicity against Mr. Moon all arose from the photos taken pursuant to the contract signed in Ohio. Under these facts, the Court is persuaded that the alleged claims against Mr. Moon are substantially related enough to the contract signed and executed in Ohio, thereby satisfying the second prong of *Patterson*'s Due Process considerations.

    c. **Substantial Connection**

The last prong of the Due Process inquiry asks whether the Defendant's acts, or

consequences cause by Defendant, have a substantial enough connection with Ohio to make the exercise of jurisdiction reasonable. Usually an inference arises that this requirement is met when the first two requirements are met. *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002). Still, the Court should consider several factors, including the burden on the Defendant, the interests of the forum state, Plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies. *Id.*

Defendant Moon may be burdened by having to defend a lawsuit in Ohio, but he knew or should have known while living in Ohio that when he contracted with an Ohio resident, he was making a connection with Ohio. Although Defendant Moon has lived and worked in Georgia since 2003, there is nothing to suggest Mr. Moon will be unable to defend himself in Ohio.

Further, Ms. Stewart has a significant interest in obtaining relief in her home state. More importantly, Ohio has a legitimate interest in protecting its residents from violations of privacy and misappropriating rights of publicity; Mr. Moon's home state of Georgia does not have an overriding interest. For these reasons, the Court finds that Mr. Moon has a substantial enough connection with Ohio that an exercise of jurisdiction is reasonable.

### B. Stating a Claim Upon Which Relief Can be Granted

As discussed above, this Court does not have personal jurisdiction over Defendant M&M, thereby limiting the following discussion to Stewart's claims against Defendant Moon.

#### 1. Federal Rule of Civil Procedure 12(b)(6) Standard

In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of

factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion must be decided with respect to Defendant Moon.

### 2. Stewart's Right of Publicity Claim

The Ohio Revised Code prohibits the unauthorized used of any aspect of an individual's persona for a commercial purpose during the individual's lifetime, and for a period of 60 years after the date of the individual's death. *See* Ohio Revised Code 2741.02(A). "Persona" is defined as "an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance, if any of these aspects has commercial value." *Id.* Thus, in order to satisfy the pleading requirements set forth in *Twombly* and *Iqbal*, Ms. Stewart must have alleged facts

sufficient to support the conclusion that (1) her photographs had commercial value and (2) Mr. Moon used Ms. Stewart's photographic images for a commercial purpose.

Ms. Stewart's complaint lays out a series of facts demonstrating how Mr. Moon acquired the photographs of Ms. Stewart modeling hair accessories, and then later used those photographs for commercial purposes in promoting his company's product in a manner that Ms. Stewart allegedly did not authorize. The photographs of Ms. Stewart had commercial value in 2002 when Moon paid hundreds of dollars for them to be used in a magazine, and they have commercial value in being placed on product packaging in 2015. Product packaging has an inherent commercial purpose of encapsulating the product, informing the prospective purchaser of its features, and, in Ms. Stewart's case, visually depicting the product in use. Thus, Ms. Stewart's complaint sets forth a plausible claim to relief for her right of publicity sufficient to withstand Defendant Moon's motion to dismiss under Fed. R. Civ. P. 12(b)(6).

### 3. Stewart's Invasion of Privacy Claim

Ohio recognizes the common law tort of invasion of privacy as the unwarranted appropriation or exploitation of one's persona. *Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007-Ohio-2451, ¶ 14 (citing *Housh v. Peth*, 165 Ohio St. 35, ¶ 2 of syllabus (1965)). In order to state a cause of action for invasion of privacy by misappropriation, the complaint must allege that the plaintiff's name or likeness has some "intrinsic value," which was taken by the defendant for its own benefit. *Jackson v. Playboy Enterprises, Inc.*, 574 F.Supp. 10, 13 (S.D. Ohio 1983).

Ms. Stewart's complaint includes an allegation that Mr. Moon paid her $440 for the photos taken pursuant to the contract, an allegation that Ms. Stewart never authorized the use of her photos on any product packing distributed by Mr. Moon or otherwise, and an allegation that Mr. Moon has taken the photos for which he contracted to be used on packaging for products

distributed by the company of which he is the President and majority shareholder. Construing the complaint in a light most favorable to the plaintiffs, this Court fails to see how photos of Ms. Stewart lack intrinsic value when Mr. Moon paid hundreds of dollars for them and then used them in promotion of his company's products. Accordingly, Ms. Stewart has successfully stated a plausible claim for invasion of privacy sufficient to overcome Mr. Moon's motion to dismiss under Fed. R. Civ. P. 12(b)(6).

### 4. Stewart's Breach of Contract Claim

Lastly, Ms. Stewart claims that Mr. Moon breached the contract he made with her in 2002. In order to state a cause of action for breach of contract, Ms. Stewart must show (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) resulting damage to the plaintiff. *Powell v. Grant Med. Ctr.*, 771 N.E.2d 874, 148 Ohio App.3d 1 (10th Dist, 2002). Ms. Stewart's complaint clearly alleges the existence of a contract, her performance of the contract, Defendant Moon's breach of the contract by using the photos in a manner inconsistent with the contract's terms, and that Defendant Moon's breach damaged Ms. Stewart. Although parts of the actual text of the contract attached to the complaint are illegible, Ms. Stewart is not yet tasked with proving Mr. Moon breached the contract. Instead, she must merely demonstrate the plausibility of her breach of contract claim, which her complaint sufficiently accomplishes. Thus, Ms. Stewart's claim for breach of contract also withstands Mr. Moon's motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons stated above, Defendant M & M Headgear, Inc. and Defendant Kihyouk Moon's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim Upon Which Relief May be Granted Pursuant to Fed. R. Civ. P. 12(b)(2) and (6) (Docket #15) is

GRANTED as to Defendant M & M Headgear, Inc., and the claims against Defendant M & M Headgear, Inc. are dismissed without prejudice pursuant to Fed. R. Civ. P. 12 (b)(2). The Motion is DENIED as to Defendant Kihyouk Moon.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: March 27, 2015