**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| SHANNA STEWART, ) | CASE NO. 5:14 CV 857 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | MEMORANDUM OPINION |
| KIHYOUK MOON, *et al.*, ) | AND ORDER |
| ) | |
| ) | |
| Defendants ) | |

This matter comes before the Court upon the Motion of Defendant Kihyouk Moon for partial summary judgment on Plaintiff's claim of breach of contract against Mr. Moon. (ECF #29). For the reasons that follow, Defendant Moon's Motion for Summary Judgment on Plaintiff's breach of contract claim is granted.

**FACTUAL BACKGROUND**

Plaintiff Shanna Stewart filed this action on April 21, 2014 against Defendants Kihyouk Moon a/k/a Kevin Moon, his company M & M Headgear and nine other businesses alleging claims of violation of Plaintiff's right of publicity (Count One) and invasion of privacy (Count Two) arising from the unauthorized use of Plaintiff's photograph on product packaging for ethnic hair products.  Plaintiff later filed a second amended complaint ("SAC") which added a breach of contract claim against Defendant Moon. (Count Three).[1]

---

[1] Defendant M &M Headgear was dismissed for lack of personal jurisdiction.  Plaintiff filed notices of dismissal with respect to Defendants Elliebeauty.com, Ebonichair.com, Bestthairforyou.com, and BeautyVirus. Default (but no default judgment) has been entered as to Defendant Touch of Beauty. None of the other business defendants, TexasBeautySupply.com, Hairsisters.com or eClassyFashion.com have entered an appearance and Plaintiff has not appeared to take any action with respect to these defendants.  Plaintiff has also named Doe Defendants 1-100 but has failed to update the Court as to the identity of these defendants.

In her SAC, Plaintiff alleges that in 2002 she agreed, through her modeling agent, to pose for a photo shoot to model ethnic hair accessories for Defendant Moon, purportedly for a magazine article.  SAC, ¶22.  Plaintiff alleges that she was presented with a contract, presumably by her modeling agent, and signed a release granting Moon the right to use her photographs but that the language of the release expressly prohibited using the photographs for product packaging. SAC, ¶¶ 22, 25. Plaintiff notes that she believes that Moon paid her modeling agency $528 for the shoot of which she received approximately $440. SAC, ¶26. A copy of the alleged contract is attached as Exhibit A to the SAC.  Unfortunately, the copy of the contract attached to Plaintiff's filing is virtually illegible, particularly the very small printing under Model's Release as well as the writing on the right side of the document which contains little boxes that may or may not be checked. Finally, the document appears to be signed but both signatures are unreadable. The Court raised this "illegibility" issue with Plaintiff's counsel during two different status conferences but Plaintiff never submitted a legible copy of the contract to the Court.

Defendant Moon has moved for summary judgment on Plaintiff's contract claim.  That motion is now fully briefed. Defendant Moon also moved to strike Plaintiff's "Exhibit A" used in opposition to Defendant's Motion for Summary Judgment (ECF #40) on the ground that it is unauthenticated and inadmissible.  The Court granted Defendant's Motion to Strike after Plaintiff failed to file any opposition to the motion.

## **STANDARD OF REVIEW**

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

2

law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56©). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and

3

convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). Fed. R. Civ. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the

defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id*. at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## **DISCUSSION**

Defendant Moon moves for summary judgment on Plaintiff's contract claim on several grounds, foremost among them is his argument that the language of the contract does not contractually prohibit Moon from using the model's image on product packaging and Plaintiff has offered no evidence that he breached the contract. Plaintiff failed to address Mr. Moon's argument regarding the contract language and did not file any admissible evidence such as

deposition testimony or affidavit in support of her claim or to rebut the arguments and evidence submitted by Defendant.  Moreover, she has never provided the Court with an authenticated, legible copy of the contract upon which her claim is based.  As such the Court has no basis upon which to evaluate Plaintiff's contract claim. A court cannot enforce a contract unless it can determine what it is.  See  *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376, 683 N.E.2d 337 (1997) quoting, 1 Corbin on Contracts (Rev.Ed.1993) 525, Section 4.1.  As Plaintiff has failed to meet her burden under Fed. R. Civ. P. 56(e), Defendant is entitled to judgment on Plaintiff's breach of contract claim.

Accordingly, Defendant Moon's Motion for Summary Judgment on Plaintiff's breach of contract claim (ECF # 29) is granted.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　 __/s/Donald C. Nugent_____
　　　　　　　　　　　　　　　　　　　　　　　　 Donald C. Nugent
　　　　　　　　　　　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE

DATED:  December 7, 2015